■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEON McGOWAN and TERRY JEFFERSON, Respondents. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON McGOWAN, Appellant. — Order, Supreme Court, New York County (Jerome J. Marks, J.), entered September 28, 1981, setting aside a jury verdict convicting respondents of robbery in the second degree and reducing the conviction to grand larceny in the third degree, reversed, on the law, and the jury verdict is reinstated. Judgment, Supreme Court, New York County (Jerome J. Marks, J.), rendered September 28, 1981, convicting appellant, after a jury trial, of grand larceny in the third degree and sentencing him to a term of imprisonment of 1½ to 3 years, reversed, on the law, and the matter remanded for sentencing appellant on the reinstated jury verdict convicting appellant of robbery in the second degree. Appellant was convicted, after a jury trial, of robbery in the second degree. The trial court set aside that verdict and reduced the conviction to one for grand larceny in the third degree, on a finding that the evidence was legally insufficient to establish, as required by section 160.00 of the Penal Law, "the immediate use of physical force upon another person for the purpose of: 1. Preventing or overcoming resistance to the taking of the property". The court thereupon sentenced the appellant to a term of imprisonment of 1½ to 3 years. The District Attorney appeals from the order setting aside the jury verdict and reducing the conviction to grand larceny in the third degree, and seeks reinstatement of the original jury verdict. The defendant appeals from the judgment convicting him of grand larceny in the third degree on the ground that grand larceny in the third degree is not a lesser included count of robbery in the second degree, which the District Attorney concedes, and further urges that trial errors require reversal in all respects of the conviction. The incident leading to the arrest of the appellant and a codefendant, Terry Jefferson, now deceased, resulted from a police decoy operation in which an undercover officer was disguised as a homosexual transvestite who had been bruised in some recent altercation. The officer testified that he was approached on Christopher Street in Greenwich Village by the appellant and his codefendant Jefferson, either or both of whom were also dressed as women. Jefferson asked him "how he was doing", and the officer did not respond. The appellant and Jefferson walked away a few feet. The officer testified that he heard the appellant say to Jefferson, "The area is clear. Do him now." The officer further testified that Jefferson then grabbed him forcefully by the neck, "a very strong hold", pushing him down into a bending position and then across the sidewalk into the wall of a building so that the top of his head "was flush up against the wall." Maintaining his strong hold on the officer's neck, which occasioned pain, Jefferson removed from the officer's pocket an empty wallet and attempted unsuccessfully to remove a gold chain from his neck. Jefferson and the appellant then walked away together, and were shortly thereafter arrested by back-up officers who had been observing the incident. In our view, the testimony was legally sufficient to present a jury question as to whether the force described was for the purpose of:

"Preventing or overcoming resistance to the taking of the property" (see Penal Law, § 160.00, subd 1), and the jury was entitled to credit that testimony as it apparently did. Accordingly, we reverse the order setting aside the jury verdict finding the appellant guilty of robbery in the second degree, and reinstate that verdict. We have examined the other errors alleged by the appellant and find nothing in them that would suggest a reversal in any respect of the conviction. Concur — Sandler, J. P., Ross, Fein, Lynch and Kassal, JJ.